IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 06-00182-KD-M |
| | ) | |
| PATRICK TODD GARY, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant Patrick Todd Gary's motion for jail credit (Doc. 65).¹ Gary requests credit for the time period from August 21, 2011 through October 28, 2011, the day after Magistrate Judge Sonja F. Bivins revoked Gary's supervised release. (Doc. 61). Upon consideration, and for the reasons set forth herein, Gary's motion is **DENIED** for lack of jurisdiction.

The Federal Bureau of Prisons ("BOP"), not this Court, has exclusive authority to determine whether a defendant should receive credit for time spent in custody before his federal sentence commences. See United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010) ("18 U.S.C. § 3585(b) provides, '[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . .' Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." (citing United States v. Wilson, 503 U.S. 329, 334 (1992))); see also Galloway v. Fisher, No. 3:08cv82/LAC/EMT, 2008 WL 4057803, at *3 (N.D. Fla. Aug. 27, 2008) (holding that the Attorney General of the United States, "acting through the Bureau of Prisons . . . initially possesses the exclusive authority to determine when a sentence is deemed to 'commence' and to compute sentence credit awards after sentencing" (internal citation omitted)).

---

¹ Gary, who is presently incarcerated at the Baldwin County Jail in Bay Minette, Alabama awaiting transfer to a federal facility at which he will serve a 24-month sentence for violating the terms of his supervised release, has sought relief by sending a handwritten letter to the Court. This

1

Before seeking judicial review of the BOP's credit calculation, a prisoner must first exhaust administrative remedies. Alexander, 609 F.3d at 1260 (citing United States v. Lucas, 898 F.2d 1554, 1555 (11th Cir. 1990)); see also United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989) ("A federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence.").

The record before the Court does not indicate whether Gary has exhausted his administrative remedies with the BOP. Because exhaustion of administrative remedies is jurisdictional, see United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005), this Court lacks jurisdiction to recalculate the amount of credit that Gary may or may not be due. Accordingly, Gary's motion must be **DENIED**.

The Clerk of the Court is **DIRECTED** to mail a copy of this order to Gary.

**DONE** and **ORDERED** this the **13th** day of **December 2011**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

Court liberally construes Gary's letter as a motion for jail credit and addresses it accordingly.